## ANDREW MATTSON v. JAY A. HUBBELL, ACTING CIRCUIT JUDGE OF ONTONAGON COUNTY.

COSTS—WITNESS FEES TO PARTY TO SUIT. —ALLOWANCE OF.

Relator applied for *mandamus* to compel the respondent to allow to relator, as a part of the costs taxable in his favor as plaintiff on the continuance of the case on application of the defendants, fees as a witness. An order to show cause was denied February 18, 1895.

*Julius J. Patek,* for relator, contended:

1. That it appears from the testimony produced on the taxation of costs that relator is a laboring man; that for the sole purpose of being sworn as a witness at the trial of said cause brought to recover for the personal labor of relator and two of his co-laborers, for whom he had been designated as agent, and giving his testimony therein, he being deemed a material and necessary witness as shown by said testimony, he actually traveled the distance of 108 miles, and expended the sum of $14, and lost four days time; that relator, by deficiency of the law, unable to collect complete compensation in the premises, about $18, the respondent denies him that which the Legislature said he may have, $1.80.

2. That the justice of relator's claim is so apparent that no citation of authority, except How. Stat. § 9002, is necessary.

The facts as alleged in the petition for *mandamus* were:

*a*—That relator, in his own behalf and as agent for two of his co-laborers, on March 28, 1895, commenced a suit by attachment in the circuit court for Ontonagon county to enforce a log lien; that issue was joined in said action; that the first trial resulted in a disagreement of the jury; that the case was noticed by relator for trial for the February, 1896, term of court; that application was made by the defendant for a continuance; that said application was granted upon condition that defendant pay to relator his reasonable costs in that behalf expended, to be taxed by the presiding judge.

*b*—That relator presented to respondent an itemized statement of the costs which he claimed the right to tax; that among the items was one for $12.80 for his fees as a witness, made up of two days' attendance and 108 miles travel; that relator resided at Metropolitan, Dickinson county, Michigan; that for six weeks prior to February 4, 1896 (the first day of court), he had been employed about ten miles from the city of Marquette; that at the request of his attorney to be in Ontonagon on February 4, 1896, to give his evidence in the case, he traveled the distance charged for, and attended upon said court February 4 and 5 for the purpose of being sworn as a witness at the trial of said case and give his evidence therein, and not to assist in the management thereof.

*c*—That upon objection being made to the taxation of said fees and other items of said costs, relator was sworn as a witness, and testified that he came to Ontonagon, from the place where he was at work, purposely as a witness in the case, and was in said city on February 4 and 5 for that purpose.

*d*—That relator's attorney testified that the distance, as computed by him, from Ontonagon to the place where relator was at work was 108 miles; that relator was summoned in good faith to attend at the trial of the case; that he was a material and necessary witness therein; that he traveled the number of miles and actually attended the number of days specified; that he was in atten-

dance upon said court for the time charged for the sole purpose of being sworn as a witness, and not to assist in the management of the case; that affiant was notified on February 3, 1895, that an application for a continuance would be made; that he did not reach Ontonagon until the afternoon of the following day.

*e*—That at the conclusion of the testimony respondent, in passing upon the bill of costs, said "This man Mattson is the plaintiff, and not entitled to any witness fees. He had to be here any way. I will allow the bill, except the $12.80 claimed by plaintiff."